UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FAY M. WILLINGHAM,

                           **Plaintiff,**

                                                   1:15-CV-1511

    v.

SOUTHWEST AIRLINES

                           **Defendant.**

_____

**THOMAS J. MCAVOY,**
**Senior United States District Judge**

## DECISION AND ORDER

Before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See dkt. # 14. The parties have briefed the issues and the Court will decide the motion without oral argument.

**I. BACKGROUND**

Plaintiff Fay Willingham, who is proceeding *pro se*, is an African-American woman who first applied for a Customer Service Agent position with Defendant Southwest Airlines Co. ("Southwest") in November 2013.[1] Amended Complaint ("Amended Compl."), dkt. # 5, at ¶ 1; EEOC Charge, dkt. # 14 at 99. She interviewed with Southwest on November 7, 2013. Amended Compl., at ¶ 1. Alicia Chavis

---

[1] For purposes of this Rule 12(b)(6) motion the factual allegations in Plaintiff's Complaint are accepted as true. See Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).

conducted the interview. Id. Plaintiff was not offered a position following this interview. Id. She applied again for a Customer Service Agent position on January 10, 2014. Id. at 9. She then received an email requesting a phone interview; Chavis promised to call her within a week. Id. Plaintiff did not receive the promised call. Id. Plaintiff emailed Chavis on January 27, 2014 and Southwest's Vice President of Human Resources, Julie Weber, on February 4, 2014. Id. at 9-10. Plaintiff's email to Weber complained of a "severe lack of professionalism" on the part of Chavis. Id. at 9. Plaintiff did not mention her race or claim discrimination in the email to Weber. Id. Chavis contacted Plaintiff on February 6, 2014, two days after Plaintiff's email to Webber, to schedule a phone interview. Id. at 9-10. The phone interview between Plaintiff and Chavis took place on February 13, 2014. Id. at 5, 9-10. Defendant did not hire Plaintiff. Id. at ¶ 3.

Plaintiff again applied for Customer Service Agent positions at Southwest on October 4, 2014 and November 4, 2014. EEOC Charge, at 100; Amended Compl., at ¶ 4.[2] She had a phone interview with Nayra Santos on December 2, 2014. Amended Compl., at ¶ 4. During the Santos phone interview, Santos offered Plaintiff an in-person interview. Id. Santos rescinded this offer the next day, December 3, 2014. Id. at 5, 13. In her email rescinding the offer, Santos stated that "[a]fter review of Southwest's business needs at this time, the decision has been made not to hire for this job requisition, and we no longer have an opening for this job." Id. at 13. The same day the in-person interview offer was rescinded Plaintiff emailed Santos stating she "felt as if I

---

[2]The Court will consider, in addition to Plaintiff's Amended Complaint, the documents attached to the Amended Complaint, and the EEOC charge made by Plaintiff. See Difolca v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010); Dollinger v. State Ins. Fund, 44 F. Supp. 2d 467, 472 (N.D.N.Y. 1999); Cappelli v. Jack Resnick & Sons, Inc., 2014 U.S. Dist. LEXIS 117843, *7 (S.D.N.Y. Aug. 22, 2014).

2

was discriminated against" and requested Santos provide contact information so she could file a complaint. Id. Plaintiff alleges Defendant continued to interview white candidates for the positions and eventually hired white candidates. Id. at ¶ 4.

Plaintiff again applied for a Customer Service Agent position with Defendant on March 24, 2015. Id. at ¶ 5. That same month, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC").[3] Id. Southwest conducted a phone interview with Plaintiff on April 7, 2015. Id. at 19. On April 8, 2015 Plaintiff received an in-person interview with Southwest. Id. at 5, 26. Four interviewers were present for the in-person interview: Chavis, Patricia Bond, Loretta Kuzmich, and Melinda Marrero. Id. at 26. The "candidate evaluation" for this interview states that Plaintiff "was unable to provide concrete motivation for SWA," that "customer service examples given portrayed her in a very rude and negative light. Especially when she told a passenger to 'go home and call the 1-800 #,'" and that Plaintiff was "not a good culture fit. Not recommended to move forward [at] this time." Id. at 26. Plaintiff also claims that in April 2015 she was offered a Customer Service Position with Southwest, which was later rescinded.[4] Amended Compl., at 6, 14. Plaintiff alleges that the offer was rescinded by email message on April 15, 2015. EEOC Charge, at 101. The job eventually went to a white candidate. Id.

Plaintiff alleges that she was not hired as a Customer Service Agent at Southwest because she is African American and as retaliation for the email to Weber

---

[3]The EEOC charge against Defendant was signed on April 21, 2015. EEOC Charge, at 99.
[4]The exact date of the offer in this email is in question. Amended Compl., at 14; EEOC Charge, at 101.

and the EEOC filing.  Plaintiff further contends that she is qualified for the position and that the interviewers for Southwest made false statements in an effort to deny her a job based on her race and as retaliation for her complaints.  Amended Compl., at ¶ 4-6.  She further asserts "white candidates" received the jobs that she interviewed for in November 2013, February 2014, December 2014, April 2015.  Id. at ¶ 1-6.  Plaintiff seeks the next available Customer Service Position with Southwest, lost wages, bonuses, benefits, and punitive damages.  Id. at 27.  She also seeks to have Southwest's Albany location monitored for compliance with the Civil Rights Act for five years.  Id.

Defendants filed a motion to dismiss on March 25, 2016.[5]  See dkt. # 14.  That motion is now before the Court.

## II.  LEGAL STANDARD

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addressing such motions, the Court must accept "all factual

---

[5] Plaintiff filed a response to Defendant's motion to dismiss.  Response, dkt. # 20.  This response however was not filed timely.  See N.D.N.Y. L.R. 7.1 (b)(3).  Plaintiff asserts that she "misunderstood some information that was received" and that the missed deadline "was an honest mistake."  Response, dkt. # 20.  A court can consider an untimely filing if good cause is shown for the delay.  See Koziol v. King, 2016 U.S. Dist. LEXIS 43193, *3-5 (N.D.N.Y. Mar. 31, 2016)(pro se plaintiff failed to demonstrate good cause for missing filing deadline due to his focus on employment opportunities and child issues); Wilson v. David, 2010 U.S. Dist. LEXIS 13825, *10-11 (N.D.N.Y. Feb. 17, 2010)(technical difficulties was not good cause when no effort to file timely was shown and no affidavit that explained technological failure was made).  Misunderstanding some information like Plaintiff asserts is not good cause, particularly since the "Notice Regarding Right to Respond to and Submit Opposition to Motion to Dismiss" noted the filing deadline and even added emphasis to the deadline to make it clearer for Plaintiff.  Right to Respond, dkt. # 14 at 104.  Good cause for the delay was thus not shown by Plaintiff and her response to the motion to dismiss will not be considered.  Even if the response was considered the Court would not have come to a different conclusion in regards to Defendant's motion to dismiss.

allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." Holmes, 568 F.3d at 335. This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).

When, as here, the Plaintiff proceeds *pro se*, the Court "'construe[s] [the complaint] broadly, and interprets [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991)). "[T]he court may, without converting the motion to dismiss into a motion for summary judgment, consider . . . any documents relied on and/or referenced in the complaint (even if those documents are not attached to the complaint, if those documents are provided by defendants in their motion to dismiss)[.]"[6]

---

[6]"The following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are 'integral' to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." Jenkins v. Cnty of Washington, No. 1:14-CV-0064, 2015 U.S. Dist. LEXIS 113516, *46-47 (N.D.N.Y. Aug. 27, 2015) ; see also L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011); Cortec Indus., Inc., 949 F.2d at 47.

5

Pierce v. Monell, 2007 WL 2847317, at *5 & n.21 (N.D.N.Y. 2007) (citing Chambers v. Time Warner, 282 F.3d 147, 153 & n.3 (2d Cir. 2002)).

## III. ANALYSIS

### A. What May Be Considered in a 12(b)(6) Motion

Defendant first argues that the entirety of its communications with the EEOC should be considered in deciding the motion to dismiss. Alternately, Defendant argues that the Court should at least consider the EEOC charge. While the Court will consider the EEOC charge, it will not consider the entirety of Defendant's communications with the EEOC.

The Defendant offers two grounds for considering "its correspondence with, and submissions to, the EEOC . . . without converting this [m]otion into a motion for summary judgement. Dkt. # 14 at 8-10. First Defendant asserts that, since Plaintiff "cites her several job applications," she brought the application and interview documents into the "four corners of the amended complaint." Jenkins, No. 1:14-CV-0064, 2015 U.S. Dist. LEXIS 113516 at *46-47; dkt. # 14 at 8-10; L-7 Designs, Inc., 647 F.3d at 422. Second, Defendant asserts that "the entire crux of Plaintiff's claims rests upon her job applications and interviews." Dkt. # 14 at 8-10. This would make Plaintiff's job applications and application file, according to the Defendant, "integral to the complaint." Dkt. # 14 at 8-10; see Cortec Indus., Inc., 949 F.2d at 47.

These arguments are unavailing. To consider the extraneous information the Plaintiff must have "relied upon it in drafting the complaint; it is not sufficient that the

plaintiff had notice or possession of the document."[7]  Gersbacher v. City of New York, 134 F. Supp. 3d 711, 719 (S.D.N.Y. 2015) (citing Chambers, 282 F.3d at 153).  There is no indication Plaintiff in drafting her complaint "relie[d] heavily" on her applications for employment, the interview documents not attached to the Amended Complaint, and other documents Defendant submitted to the EEOC.  See e.g., Chambers, 282 F.3d at 153; Gersbacher, 134 F. Supp. 3d at 719.  Plaintiff makes no references to specific questions from her applications or to Defendant's submissions to the EEOC.  The interview evaluations that are relevant to this motion, which Plaintiff relied on in drafting her Amended Complaint, are attached to that document.  See Amended Compl., at 15-26.  These will be considered with this motion.  The application documents and the other materials Defendant attempts to introduce were not "relied upon" in drafting the complaint and thus will not be considered in deciding the motion to dismiss.

The Court will, however, take judicial notice of the EEOC charge provided by the Defendant without converting this motion into a motion for summary judgement.  The EEOC charge is a public filing and part of an administrative proceeding.  See Kavowras v. New York Times Co., 328 F.3d 50, 57 (2d Cir. 2003).  The court can consider in a motion to dismiss "matters of which judicial notice may be taken" like a EEOC charge or a NLRB charge.  Chambers, 282 F.3d at 153; Kavowras, 328 F.3d at 57; Cortec, 949 F.2d at 48.

.

---

[7] The court in Gersbacher declined to consider a videotape of plaintiff's arrest even though the Plaintiff may have been aware of his arrest being filmed.  See Gersbacher, 134 F. Supp 3d at 719.  The court found that "there is nothing that indicates that he relied upon them in drafting the complaint."  Gersbacher, 134 F. Supp 3d at 719; Chambers, 282 F.3d at 153 (citing Cortec, 949 F.2d at 47-48).

7

**B.      Title VII Statute of Limitations**

Defendant next argues that any claims prior to May 5, 2014 are time-barred.

"Title VII requires a claimant to file a charge of discrimination with the EEOC within 180 days of the alleged unlawful action or, if the claimant has already filed the charge with a state or local employment agency, within 300 days of the alleged discriminatory action."  Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); 42 U.S.C. § 2000e-5(e).  "This statutory requirement is analogous to a statute of limitations."  Van Zant, 80 F.3d at 712 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394-95 (1982).  "A claim is time barred if it is not filed within these time limits." National Passenger R.R. Corp. v. Morgan, 536 U.S. 101, 109 (2002).

Plaintiff's allegations in her amended complaint span from November 2013 to April 2015.  Plaintiff admits she filed her charge with the EEOC in "March 2015," signing the charge on April 21, 2015.   Amended Compl., at ¶ 5; EEOC Charge, at 101.  Assuming the EEOC charge was filed the first day of March 2015, the most favorable date possible for Plaintiff, Plaintiff's claims prior to May 5, 2014 would be outside the 300 day time requirement.  This would include the claims regarding the original interview with Chavis, the emails to Chavis and Weber, and the February 13, 2014 phone interview with Chavis.

Any claims of discrimination based solely on the events from November 2013 to February 2014 are thus outside the Title VII Statute of Limitations and time-barred.  This decision, however, does not affect the claims of the Plaintiff regarding events after May 5, 2014, which comprise paragraphs four to seven of her Amended Complaint.

Moreover, the Court takes no position on whether Plaintiff may use events from an early time period to help prove her discrimination claims.

    **C.    Discrimination on the Basis of Race**

The Defendant contends that the Plaintiff has not set forth a plausible claim for race discrimination or retaliation. The Court first addresses her claims of racial discrimination.

Plaintiff asserts that she was racially discriminated against by the adverse employment actions taken by Defendant. First, Plaintiff claims that Santos rescinded the offer for an in-person interview in December 2014 due to her race. She contends other white candidates received in-person interviews and that the position was filled by a white candidate. Second, Plaintiff claims that she was racially discriminated against in her April 2015 in-person interview. She alleges that Bond wrote false statements on the candidate evaluation, that Chavis "stared at the wall the entire time" during the Bond interview, and that a job was offered and later rescinded because of her race. Plaintiff alleges the position she interviewed for in April 2015 was filled by a white candidate.

An employment discrimination plaintiff need not plead a *prima facie* case of discrimination at the first phase of the case. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002); see also Littlejohn v. City of New York, 795 F.3d 297, 306-07 (2d Cir. 2015)("in the first phase of the case, the *prima facie* requirements are relaxed'); Brown v. Daikin Am. Inc., 756 F.3d 219, 228 n.10 (2d Cir. 2014)("to survive a motion to dismiss, a Title VII plaintiff's complaint must be facially plausible and allege sufficient facts to give the defendant fair notice of the basis for the claim; it need not, however, make out a *prima facie* case"). "At the initial stage of the litigation—prior to the

employer's coming forward with the claimed reason for its action—the plaintiff does not need substantial evidence of discriminatory intent." Littlejohn, 795 F.3d at 306-07. A Plaintiff's complaint "must at a minimum assert nonconclusory factual matter sufficient to 'nudge[ ] [its] claims' . . . 'across the line from conceivable to plausible' to proceed." EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014)(internal citations omitted).

"If [Plaintiff] makes a showing (1) that she is a member of a protected class, (2) that she was qualified for the position she sought, (3) that she suffered an adverse employment action, and (4) can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation, then she has satisfied the prima facie requirements and a presumption of discriminatory intent arises in her favor, at which point the burden of production shifts to the employer, requiring that the employer furnish evidence of reasons for the adverse action." Littlejohn, 795 F.3d at 306-08 (citing Burdine, 450 U.S. at 253-54). "The facts required by Iqbal to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." Littlejohn, 795 F.3d at 311; see also Iqbal, 556 U.S. at 678.

Here, the Plaintiff has met her burden. The Plaintiff has plausibly alleged she is a member of a protected class, was qualified for the position she sought, and suffered an adverse employment action. See Littlejohn, 795 F.3d at 306-08. She has also alleged facts "suggesting an inference of discriminatory motivation" in her Amended Complaint. Id. The Defendant asserts Plaintiff's claims of discrimination are mere

10

speculation. In support of this Defendant contends that "Plaintiff sets forth no allegation that Santos . . . even knew Plaintiff's race." Dkt. # 14 at 21. Defendant also asserts that Plaintiff engages in "rank speculation" in alleging that she was not hired and had a job offer rescinded due to racial discrimination. Id. at 23.

The Court disagrees. The Plaintiff's allegations that Santos rescinded the in-person interview based on her race are plausible. Plaintiff alleges the job opening was not filled as Santos had claimed on December 3, 2014 but was instead left open for "white candidates" who received in-person interviews and were hired for the position. This allegation gives rise to a inference of racial discrimination as "the fact a plaintiff was replaced by someone outside the protected class will ordinarily suffice for the required inference of discrimination at the initial *prima facie* state of the Title VII analysis, including at the pleading stage." Littlejohn, 795 F.3d at 313 (citing Zimmermann v. Assoc. First Capital Corp., 251 F.3d 375, 381 (2d Cir. 2001). Plaintiff's complaint thus alleges facts that give rise to a plausible right to relief at this early stage of the case.

Defendant next asserts that Plaintiff's claims originating from the Bond interview and the later job offer that was rescinded are mere speculation and should be dismissed. Like the allegations that arose from the Santos interview these allegations include the claim a white candidate was selected for the position for which Plaintiff interviewed. See Littlejohn, 795 F.3d at 313 (plaintiff claimed a less qualified white employee replaced her which was enough "to make plausible her claim that her demotion occurred under circumstances giving rise to an inference of discrimination"); Zimmermann, 251 F.3d at 381 (plaintiff, a 49 year old female, was replaced with a

younger male at work, met her burden of presenting a *prima facie* case due to the "mere fact that a plaintiff was replaced by someone outside the protected class will suffice for the required inference of discrimination at the prima facie stage of the Title VII analysis"). This is enough to satisfy the requirement of the plaintiff providing "plausible support for a minimal inference of discriminatory motivation." Iqbal, 556 U.S. at 678; Littlejohn, 795 F.3d at 311.

Plaintiff has met her burden regarding her allegations against Defendant of racial discrimination in paragraphs four to six. Defendant's motion will be denied in this respect.

### D. Retaliation

"Section 704(a) of Title VII includes an anti-retaliation provision that makes it unlawful 'for an employer to discriminate against any . . . employee[] . . . because [that individual] opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII investigation or proceeding." Littlejohn, 795 F.3d at 315-17; 42 U.S.C. § 2000e-3(a). "To establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows '(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" Littlejohn, 795 F.3d at 315-17 (quoting Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010). "[A]n employment practice need not actually violate Title VII for the protected activities element of a retaliation claim to be satisfied. The plaintiff is only required to have had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII." McMenemy v. City

of Rochester, 241 F.3d 279, 282-83 (2d Cir. 2001); Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 134 (2d Cir. 1999).

Plaintiff's Complaint appears to allege retaliation for two protected activities. First, Plaintiff claims Defendant denied her a Customer Service Position after she complained about discrimination in her December 3, 2014 email. Second, Plaintiff claims Defendant retaliated against her for filing an EEOC Complaint. Plaintiff's Complaint states a claim in the first instance but not in the second. The Court's finding is predicated on the timing of the alleged discriminatory acts. While the Defendant's failure to hire her came after she claimed discrimination in her December 3, 2014 email, the retaliatory act of failing to hire her allegedly came *before* she filed her EEOC charge. The filing of that charge therefore cannot be the basis for a retaliation claim. Plaintiff filed the EEOC charge on April 21, 2015, 28 days after she applied to Defendant, thirteen days after she had her in person interview with Bond, and six days after she stated her job offer had been rescinded. Plaintiff also fails to allege that Defendant was aware of her EEOC charge at the time Defendant took its adverse employment action. See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998); Morales v. NYS DOL, 865 F. Supp. 2d 220, 249-50 (N.D.N.Y. 2012). Plaintiff has therefore failed to allege a connection between that particular protected activity and Defendant's alelged retaliatory act. See Jones v. Rochester City Sch. Dist., 2015 U.S. Dist. LEXIS 132634, *9-13 (W.D.N.Y. 2015)(plaintiff "has adduced no facts to demonstrate the required causal connection between this incident and any possible adverse action, especially since to make this showing, 'the protected activity [must be] closely followed in time by the adverse action'").

The Court will therefore grant the motion with respect to any claim of retaliation for Plaintiff's filing of an EEOC Complaint but deny the motion with respect to any claim of retaliation related to Plaintiff's internal complaint of discrimination.

IV. **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss, dkt. # 14, is hereby DENIED in part and GRANTED in part. The motion is denied with respect to Plaintiff's claims of racial discrimination and with respect to Plaintiff's claims of retaliation stemming from her internal complaint of discrimination. The motion is granted with respect to Plaintiff's claims of retaliation for her filing of an EEOC complaint and with respect to any claims for discrete acts occurring more than 300 days before Plaintiff filed her EEOC charge.

**IT IS SO ORDERED**

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

**DATED: July 11, 2016**